**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **NICHOLAS ALCANTAR,** individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No: |
| v. | Hon. |
| **EVERGREEN MANAGEMENT, INC.** | Mag. |
| and | |
| **EVERGREEN SENIOR LIVING, LLC,** jointly and severally, | |
| Defendants. | |

## COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

1. Plaintiff, Nicholas Alcantar ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his undersigned attorneys, hereby brings this Collective Action Complaint against Defendants Evergreen Management, Inc., ("Evergreen Management"), and Evergreen Senior Living, LLC, ("Evergreen Senior Living"), (collectively, "Defendants") to recover unpaid overtime compensation, liquidated damages, attorney's fees, costs, and other relief as appropriate under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201, *et seq*.

2. Plaintiff's allegations herein are based upon knowledge as to matters relating to himself and upon information and belief as to all other matters.

## JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 because Plaintiff's claim raises a federal question under 29 U.S.C. § 201, *et seq*.

4. Additionally, this Court has jurisdiction over Plaintiff's collective action FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

5. Defendants' annual sales exceed $500,000 and each has more than two employees, therefore the FLSA applies in this case on an enterprise basis. Defendants' employees engaged in interstate commerce and therefore they are also covered by the FLSA on an individual basis.

6. This Court has personal jurisdiction over Defendants because Defendants each conduct business within this District, employ individuals within this District, and maintain their principal place of business in this District.

7. Venue lies in this District pursuant to 28 U.S.C. § 1391 because the Defendants are subject to personal jurisdiction in this District.

8. Defendants each maintain a principal place of business in Toledo, Ohio, therefore jurisdiction lies in the Northern District of Ohio.

## PARTIES

9. Plaintiff is an adult resident of Harrison, Michigan and was employed by Arden Courts Memory Care at a senior living community that was acquired by Defendants in or around 2025 from approximately August 2025 - October 2025. Plaintiff's consent to join form is attached as **Exhibit A**.

10. Additional putative Collective and Class members were or are employed by Defendants as hourly employees ("Hourly Employees") during the past three (3) years and their consent to join forms will also be filed in this case.

11. According to Defendant Evergreen Management's website, the company "supports seniors and their families with trusted guidance and high-quality senior living communities across

the country."[1]

12. Defendant Evergreen Senior Living's website states: "Evergreen Senior Living supportive and assisted living communities offer compassionate services to support joyful and convenient living."[2]

13. Defendants employ thousands of Hourly Employees in multiple states, including Illinois, Ohio, and Pennsylvania.

14. Defendants are engaged in an "enterprise" through "common operations" and/or "common control" under the FLSA, 29 U.S.C. § 203(r)(1), subject to the provisions of 29 U.S.C. §§ 201, *et seq.*; 29 C.F.R. § 791.237.

15. At all times relevant to this Complaint, Defendants were a common enterprise and joint employers of Plaintiff and similarly situated individuals as defined by the FLSA, 29 U.S.C. § 203(d) and 29 C.F.R. 791.2(a).

16. Defendant Evergreen Management's registered agent for purposes of service is Pamela Gilette, 945 East Central Avenue, Miamisburg, Ohio, 45342.

17. Defendant Evergreen Senior Living's registered agent for purposes of service is Justin Skiver, 3842 Sulphur Spring Road, Ottawa Hills, Ohio, 43606.

## FACTUAL BACKGROUND

18. Plaintiff worked for Defendants as a non-exempt, Hourly Employee with the job title of building service coordinator at the Hillsdale, Michigan that was operated by Arden Hills Memory Care until it was acquired by Defendants in or around 2025.

19. Defendants paid their Hourly Employees at varying hourly rates.

20. Plaintiff's most recent base hourly rate of pay was $26.00.

---

[1] *See* https://egmgmt.com/ (last visited May 27, 2026).
[2] *See* https://evergreenslc.com/(last visited May 27, 2026).

21. In addition to the base rate of pay, Defendants incorporated various types of routine and non-discretionary pay into their payment structure, compensation structure, including, but not limited to, call-in pay.

22. Throughout Plaintiff's employment with Defendants, he and Defendants' Hourly Employees earned call-in pay and other non-discretionary remuneration.

23. As non-exempt employees, Defendants' Hourly Employees were entitled to full compensation for all overtime hours worked at a rate of 1.5 times their "regular rate" of pay.

24. Throughout Plaintiff's employment with Defendants, Defendants failed to properly calculate Plaintiff's call-in pay and other non-discretionary remuneration into the regular rate for proper overtime calculation.

**The Regular Rate of Pay**

25. Under FLSA, the regular rate is the "keystone" to calculating the correct overtime rate. *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419 (1945). It is "the hourly rate actually paid the employee for the normal, nonovertime workweek for which he is employed." 29 C.F.R. §778.108.

26. No matter how an employee is paid—whether by the hour, by the piece, on commission, or on a salary—the employee's compensation must be converted to an equivalent hourly rate from which the overtime rate can be calculated. 29 C.F.R. §778.109. "The regular hourly rate of pay is determined by dividing the employee's total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by the employee in that workweek for which such compensation was paid." *Id*.

27. There is a statutory presumption that remuneration in any form must be included in the regular rate calculation. Defendants carry the burden to establish that any payment should be

excluded. *Acton v. City of Columbia, Mo.*, 436 F.3d 969, 976 (8th Cir. 2006) (citing *Madison v. Resources for Human Dev. Inc.*, 233 F.3d 187 (3rd Cir. 2000)). Thus, determining the regular rate starts from the premise that all payments made to Defendants' hourly employees for work performed are included in the base calculation unless specifically excluded by statute.

28. Defendants' call-in pay and other non-discretionary remuneration do not fall within any of the statutory exclusions from the regular rate as provided in 29 U.S.C. §§ 207(e)(1)-(8).

29. Once the total amount of an employee's "regular" compensation is deduced, "the determination of the regular rate becomes a matter of mathematical computation." *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 425 (1945). The regular rate must be expressed as an hourly rate because, although any method of compensating an employee is permitted, the FLSA imposes its overtime requirements in terms of hourly wages. Thus, if necessary, an employer must convert an employee's wages to an hourly rate to determine compliance with the statute.

30. Plaintiff's "total remuneration" included not only his base hourly pay, but also any premium pay and other non-discretionary remuneration. Indeed, 29 C.F.R. § 548.502 expressly provides that "[e]xtra overtime compensation must be separately computed and paid on payments such as bonuses or shift differentials which are not included in the computation of the established basic rate…."; *see also* 29 C.F.R. §778.207(b) (Under FLSA, the regular rate of pay must consist of all forms of remuneration including non-discretionary bonuses and "such extra premiums as night shift differentials… and premiums paid for hazardous, arduous, or dirty work.").

31. However, Defendants failed to incorporate call-in pay and other non-discretionary remuneration into its Hourly Employees' regular hourly rate calculation, resulting in *prima facie* violations of the FLSA.

32. Consistent with Section 7(a) of the Fair Labor Standards Act, Plaintiff and all other hourly employees were entitled to overtime pay equal to 1.5 times their regular rate of pay for hours worked in excess of forty (40) hours per week.

33. Plaintiff and all other Hourly Employees regularly worked in excess of forty (40) hours a week and were paid some overtime for those hours but at a rate that did not include Defendant's premium pay and other non-discretionary remuneration as required by the FLSA.

34. For example, Plaintiff's Pay Statement for the pay period September 14, 2025, through September 27, 2025, shows 80.29 hours of work, a base hourly rate of $26.00, an overtime rate of 1.5 times the base rate, and gross earnings of $2,220.14, inclusive of $126.10 in call-in pay. The overtime rate did not account for the premium pay and, therefore, Defendant violated the FLSA.

35. Defendant paid Plaintiff, and all other Hourly Employees, additional non-discretionary remuneration that Defendant failed to include in the regular rate calculation.

36. To the extent that any of Defendants' premium compensation paid to Plaintiff and all other Hourly Employees, could be qualified and applied as a credit under 29 U.S.C. §§ 207(7)(h), those credits may only be applied to the same workweek or work period in which the premiums were paid. *Herman v. Fabri-Centers of Am., Inc.*, 308 F. 3d 580, 590-92 (6th Cir. 2002).

37. In a Department of Labor Opinion Letter dated December 23, 1985, the Deputy Administrator stated: "We wish to point out that the surplus overtime premium payments, which may be credited against overtime pay pursuant to section 7(h) of [the] FLSA, may not be carried forward or applied retroactively to satisfy an employer's overtime pay obligation in future or past pay periods." *Opinion Letter Fair Labor Standards Act* (FLSA), 1985 WL 304329 at *3 (1985).

38. As a result of its *prima facie* FLSA violations, Defendants are liable to Plaintiff and

all other Hourly Employees for unpaid wages, liquidated damages, reasonable attorney's fees and costs, interest, and any other relief deemed appropriate by the Court.

## SIMILARLY SITUATED ALLEGATIONS

39. Pursuant to 29 U.S.C § 216(b), Plaintiff brings this action on behalf of all of Defendants' current and former hourly employees who work or have worked for Defendants in the United States at any time in the past three (3) years.

40. Plaintiff and putative Collective Members are "similarly situated" as that term is used in 29 U.S.C § 216(b) because, among other things, all such individuals were eligible for and received premium pay and other non-discretionary remuneration, but such pay was not calculated as part of their regular rate as required by the FLSA.

41. Upon information and belief, Defendants utilized a centralized payroll system which calculated overtime pay for all similarly situated employees in the same or similar manner, regardless of job title or the location at which the Hourly Employee worked.

42. Resolution of this action requires inquiry into common facts.

43. These similarly situated individuals are known to the Defendants, are readily identifiable, and can be located through Defendants' payroll records, which Defendants are required to maintain pursuant to the FLSA. 29 U.S.C. § 211(c); 29 C.F.R. § 516, *et seq*.

44. Court-authorized notice pursuant to 29 U.S.C § 216(b) is proper and necessary so that these employees may be readily notified of this action through direct U.S. mail and/or other means, including text message and email, and allowed to opt in for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages and/or interest, and attorneys' fees and costs under the FLSA.

45. Upon information and belief, there are thousands of similarly situated current and former employees of Defendants who were not paid their required wages and who would benefit from the issuance of court-authorized notice of this lawsuit and the opportunity to join it.

**COUNT I**
**VIOLATIONS OF THE FAIR LABOR STANDARDS ACT,**
**29 U.S.C. § 201, *et seq*. -- FAILURE TO PAY OVERTIME**

46. Plaintiff re-alleges and incorporates the foregoing paragraphs as if fully restated herein.

47. Defendants are employers within the meaning of 29 U.S.C § 203(d).

48. Plaintiff was an employee within the meaning of 29 U.S.C C 203(e).

49. The Fair Labor Standards Act and its implementing regulations require that the regular rate of pay include all forms of remuneration. Section 207(e) outlines eight exceptions where payments to employees may not be included in the regular rate. Defendants' premium pay and other non-discretionary remuneration do not fall into any of those exceptions.

50. Defendants failed to include call-in pay and other non-discretionary remuneration into the regular rate of pay for Plaintiff and all others similarly situated when calculating overtime rates. The failure to include this remuneration in overtime computations violates Section 7(a) of the FLSA, because Defendants' Hourly Employees were working overtime without being paid the statutorily required rates. 29 U.S.C § 207(a).

51. At all relevant times, Defendants had a policy and practice of willfully refusing to pay Plaintiff and all putative collective members the legally required amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA.

52. As a result of Defendants' willful failure to compensate Plaintiff and the putative

collective members at a rate not less than 1.5 times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendants violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including but not limited to 29 U.S.C. §§ 207(a)(1), 215(a), and 29 C.F.R. §§ 778.104. Defendants' conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

53. Plaintiff and all others similarly situated are entitled to backpay as well as liquidated damages in an amount equal to their backpay. As a result of Defendants' FLSA violations, Plaintiff and all others similarly situated are owed overtime wages at a rate to be calculated by taking the difference between the overtime they should have received for each workweek and the overtime they did receive during the same time period calculated using the incorrect regular rate. The exact amount can be readily determined using payroll and other employment records Defendants are statutorily required to maintain under FLSA, 29 U.S.C. § 211(c).

54. Plaintiff and all others similarly situated are entitled to back pay, liquidated damages, interest, attorney's fees and costs, and other relief as appropriate under the statute. 29 U.S.C. § 216(b).

## RELIEF REQUESTED

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, requests the following relief:

a. Designation of this action as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), and an Order compelling Defendants to disclose in computer format, or in print if no computer readable format is available, the names, addresses, phone numbers, and emails of all proposed FLSA Collective members, and authorizing Plaintiff to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the class members of their rights by law to join and participate in this lawsuit;

b. An Order designating Plaintiff as representative of the FLSA Collective, and the undersigned as counsel for the same;

c. A complete accounting of all the compensation Plaintiff and all others similarly situated are owed;

d. An Order declaring Defendants violated the FLSA and the Department of Labor's attendant regulations as cited herein;

e. An Order declaring Defendants' violations of the FLSA were willful;

f. An Order granting judgment in favor of Plaintiff and against Defendant and awarding Plaintiff and the FLSA Collective the full amount of damages and liquidated damages available by law;

g. An award of pre-judgment and post-judgment interest;

h. An award of costs and expenses of this action together with reasonable attorneys' fees, and an award of a service payment to the named Plaintiff; and

i. Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff and all others similarly situated hereby demand a trial by jury on all issues in this Complaint that are so triable as a matter of right.

## DEMAND FOR JURY TRIAL

Plaintiff and all others similarly situated hereby demand a trial by jury on all issues in this Complaint that are so triable as a matter of right.

***Signature block on following page***

Date: June 3, 2026

Respectfully submitted,

*/s/ Jason J. Thompson*
Jason J. Thompson (P47184)
Jacob R. Rusch (MN Bar No. 0391892)
**SOMMERS SCHWARTZ, P.C.**
One Towne Square, 17th Floor
Southfield, Michigan 48076
Tel: (248) 355-0300
jthompson@sommerspc.com
jrusch@sommerspc.com

*Attorneys for Plaintiff and the Putative Collective*

**Pro Hac Vice Application Forthcoming*